Mr. Justice Johnson
delivered the opinion of the court.
Notwithstanding the complaints that have been made against the strictness required in criminal proceedings, as tending to facilitate the escape of offenders,- all must agree that to a certain extent it is indispensable; nor will it be denied that it is necessary to the purposes of justice, that the party accused should be fully apprised of the nature and identity of the offence, for which he is called to answer. He ought to be protected from subsequent prosecutions for the same offence, and the court ought to be enabled to judge from the record, what the offence is, and to apply the judgment and punishment, which the law prescribes.
Upon this principle, it is necessary to set out the name ofthe person against whom the offence was committed, not as a substantive part of the offence itself, but as a circumstance descriptive of its identity ; and notwithstanding it is from necessity dispensed with when the name is really unknown, yet it is so steadily adhered to in the English courts, that where on the trial of an indictment fpr larceny, which laid the goods stolen as the property of a person unknown, the owners name was developed, the prisoner was discharged, and a new bill of indictment preferred, setting out his name. (1 Chitty, Crim. Law, 212.) .
For the same reason, the names of third persons, if they be necessary to the consummation of the offence, or constitute a necessary part of its description, should, if known, be inserted ; with regard to which, the same strictness is required as in an indictment against an accessary, slating contrary-to the truth, that the principle was unknown, the *534 court directed the prisoner to be acquitted. (1 Chitty, Crim. Law, 212.)
Carter, for the motion.
Evans, contra.
This case is, I think, precisely analogous to the present; and due uniformity of the precedents, with regard to this allegation, leave no doubt on my mind as to the correct-in'. ss of the principle ; for such is the perfection of the English system of pleading, to which we profess to adhere, that not a single term is retained, which is not necessary to some object.
It may be objected, however, that notwithstanding the indictment does not allege that the names of the five others were unknown, it may be implied from the circumstances that they are not mentioned. In criminal proceedings, nothing is to be taken by intendment. The charge must be sufficiently explicit to support itself; for no latitude of intention can be permitted to include any thing more than is expressed. (2 Burrow, 1127. 1 Term, 69. 1 Leach, 249.)
The application of these rules to the present case is manifest. The grand jury have found a true bill, against only two of the persons that are named, and three are necessary to consummate this offence. Five others are spoken of, but not named, nor does the indictment charge that they were unknown. The first is necessary as a constituent fact of the offence, and the second, as a part ofits description and identity. The indictment is therefqre bad and the motion must be granted.
Justices Richardson and Gantt, concurred,